263 So.2d 720

**STATE of Louisiana ex rel. Charles A.
MARVIN, District Attorney**

v.

**Enos C. McCLENDON, Jr., Judge,
Twenty-Sixth Judicial District.**

No. 52590.

June 23, 1972.

## ORDER

Writ granted. The order of the district court recusing the District Attorney of the Twenty-Sixth Judicial District is reversed and set aside; accordingly, the order staying the proceedings of the Bossier Parish Grand Jury is now recalled and vacated.

New Orleans, Louisiana, June 23, 1972.

SUMMERS, J., dissents. In my view this ex parte reversal of the trial judge order without a hearing, reasons or the benefit of the evidence upon which the order is founded is improper.

BARHAM, J., dissents and will assign reasons.

BARHAM, Justice (dissenting from the granting of the writ).

We have before us an application to recuse a district attorney from proceeding as advisor and chief prosecuting officer of a grand jury in an active investigation. That investigation, according to the information before us, is aimed at discovering whether certain court officials and other public officials acted in collusion to coerce one codefendant in a murder (Cumbey) to give adverse testimony against another codefendant (Favor) so as to effectuate the latter's conviction.

Favor filed writs in the state trial court, in the Louisiana Supreme Court, and finally in the federal district court for the Western District of Louisiana. He told the same story and sought the same relief in each application. The application in the lower state court and before this court was made with the assistance of two lawyers, one of whom was and is the law partner and father-in-law of the district attorney. It is admitted by the district attorney that his senior partner was employed to assist another lawyer to effect the release of Favor under state habeas corpus proceedings. The factual account presented by Favor was advocated by these two attorneys before the state trial court and this court to be correct and to warrant

Favor's release, although they did not sign the application. Thus for all practical purposes the district attorney through his partner represented to our courts that Favor, who is serving a life sentence in the Louisiana State Penitentiary, would not have been convicted except that his codefendant Cumbey, on the promise of release, testified falsely against him.*

Since the purpose of the grand jury investigation is to determine whether Cumbey was in fact released because of collusion between him and court officials, the outcome of that investigation could substantiate the ground urged by Favor for his release. By definition the district attorney has a personal interest in the cause pending on investigation before the grand jury, for his firm was employed to get the result which may now be obtained through his public office as it relates to the grand jury investigation.

We must take cognizance that a district attorney is a powerful force in determining the outcome of grand jury investigations. I do not mean that this district attorney will in fact act contrary to the best interests of the State, contrary to his oath of office, or with prejudice; but

for the very reason that he *could* so act the law has provided for his recusation. The law provides that a district attorney who is personally interested in a cause shall be recused. I do not so restrictively interpret "cause" as to mean only a prosecution after indictment. If there is any doubt of the propriety of a district attorney's acting in a matter which might accomplish the result his law firm had sought in private practice, that doubt should be resolved in favor of recusation.

The recusation of the district attorney would not impede the grand jury's investigation of possible improprieties or corruption in public office, for a qualified attorney of the district or a district attorney from another district would be appointed to serve as the grand jury's legal advisor. Recusation would simply inform the public that the grand jury proceedings are totally fair and impartial, and it should not and would not cast any reflection upon the integrity of the district attorney.

I respectfully dissent from the refusal of this court to intervene in this proceeding. The granting of the writ on ex parte application without evidence, without a hearing, is wrong both procedurally and as a matter of substantive law.

---

* It should be noted that the present district attorney took office after Favor's trial and conviction, after Cumbey's plea of guilty to manslaughter, and after his law partner had represented Favor.